# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:16 CR 97-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| MONIQUE MORALES. | ) | |
| | ) | |
| _____ | ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned at the close of a Rule 11 proceeding that was held before this Court on October 26, 2016 and further, pursuant to an Unopposed Motion in Support of Continued Release After Rule 11 Hearing (#32) filed by counsel for Defendant. It appeared to the Court at the call of this matter on for hearing the Defendant was present with her attorney, Fredilyn Sison and the Government was present and represented through AUSA Chris Hess. From the arguments of counsel for Defendant and the arguments of the Assistant United States Attorney and the records in this cause, the Court makes the following findings:

**Findings as to 18 U.S.C. § 3143(a)(2).** On August 2, 2016 a bill of indictment (#1) was issued charging the Defendant with possession with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On October 26, 2016, the undersigned held and inquiry, pursuant to Rule 11 of the Federal Rules

1

of Criminal Procedure and accepted a plea of guilty of the Defendant to that charge. At the close of the Rule 11 proceeding, this Court presented the issue of whether or not Defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears Defendant has now entered a plea of guilty to possession with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(C). The undersigned made an inquiry of AUSA Chris Hess as to whether or not there will be a recommendation that no sentence of imprisonment be imposed upon Defendant. Mr. Hess advised the Court that such a recommendation could not be made in this matter. The undersigned cannot find there is a likelihood that a motion for acquittal or new trial

2

will be granted due to the fact the Defendant has now entered a plea of guilty.

It would appear, and the Court is of the opinion that the Court is required by law to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which mandate the detention of Defendant.

The Defendant has filed an Unopposed Motion in Support of Continued Release after Rule 11 Hearing (#32). Based upon that motion, the Defendant's remedy, if any, is found exclusively in 18 U.S.C. § 3145(b) & (c), which provides as follows:

> **(b) Review of a Detention Order. ---** If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.
>
> 18 U.S.C. § 3145(c) provides as follows:
>
> **(c) Appeal from a release or detention order.**---
>
> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(b) & (c). See <u>United States v.</u> Goforth. 546 F.3d 712 (4th Cir.

2008); United States v.Vilaiphone, 2009 WL 412958 (Fed. 19, 2009 W.D.N.C.) (Reidinger, J., applying Goforth and finding no exceptional circumstance). In Vilaiphone, the district court found as follows:

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." See United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (quoting United States v. DiSomma, 951 F.2d 494, 497 *2d Cir. 1991)). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute exceptional reasons warranting his continued release pending sentencing. See United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history and his gainful employment, while commendable, do not rise to the level of "exceptional reasons." See Lea, 360 F.3d at 403-04 ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination."). Finally, while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as "exceptional reasons" under § 3145(c). See United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003) ("Hardships that commonly result from imprisonment do not meet the standard."); United States v. Mahabir, 858 F.Supp 504, 508 (D.Md. 1994)("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the

4

meaning of Section 3145(c).")

Id., at 2. While medical issues were not at issue in Vilaiphone, the court has been able to find guidance from a decision of another district court. Although not precedential, the court finds it to be highly persuasive as it is not instructive:

> As to defendant's medical condition as an exceptional reason, there is again little guidance from the legislative history. *See Koon*, 6 F.3d at 564, n. 8:
>
>> In suggesting that a safety valve from the mandatory detention provisions of § 3145 be enacted, Assistant Attorney General Crawford gave ill health and infirmity from age as examples which might make detention unduly harsh. 135 Cong.Rec. § 15202 (daily ed. Nov. 7, 1989). Regardless, as the second circuit put it, the "full exercise of discretion in these matters … certainly is not limited by the examples contained in the Justice Department letter. It is constrained only by the language of the statute: 'exceptional reasons.'" *DiSomma*, 951 F.2d at 497.
>
> As to proper medical attention, defendant has available the medical facilities and services of the Bureau of Prisons. Considering defendant's financial condition and potential earning capacity, it is doubtful that he could secure superior treatment if released. In any event, there is no indication that defendant's condition cannot be properly treated at the Bureau of Prison's medical facilities.

United States v. Rodriguez, 50 F.Supp.2d 717, 722 (N.D. Ohio 1999).

The Defendant Morales is pregnant and is with child. She is expecting the delivery of her baby on or around March 26, 2017. She has been approved to see a doctor at Premier Women OBGYN at 155 Medical Way, Suite B, Riverdale, GA

30274. The evidence in this case shows she had other minor children, one of which has significant medical concerns. The undersigned has further compared Ms. Morales' situation with the case cited by Defendant, United States v. Price, 2008 WL 215811 (W.D.N.C.) Jan. 24, 2008. In Price, the Defendant was pregnant, had lived in Caldwell County, NC her entire life, and lacked a criminal history. In Price, the Court determined there was exceptional reasons that existed to justify the continued release of Defendant pending sentencing. The undersigned finds that the circumstances regarding this Defendant are "clearly out of the ordinary, uncommon or rare." Mr. Hess, on behalf of the Government, stated to the Court that he agrees with the contentions of Defendant and has requested that Defendant be continued on terms and conditions of release.

As a result of the evidence of the Defendant and the lack of objection by the Government, the undersigned is of the opinion that the circumstances shown by Defendant do meet the definition of exceptional circumstances that merits the continued release of Defendant.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that the Unopposed Motion in Support of Continued Release after Rule 11 Hearing (#32) is hereby **ALLOWED** and the

terms and conditions of pretrial release of the Defendant are hereby **ORDERED** to continue in force and effect until sentencing or until **April 17, 2017**. If Defendant has not been sentenced by April 17, 2017, on that date the undersigned will conduct a hearing in the United States Courthouse in Courtroom #2 in Asheville, NC at 9:30 a.m. to determine whether or not Defendant can continue to show that exceptional reasons exists that would merit her continued release.

Signed: November 7, 2016

_____

Dennis L. Howell
United States Magistrate Judge